Next case on the calendar is United States v. Reynoso-Hiciano Good morning. Thank you. May it please the court, my name is Tina Schneider. I represent the defendant Judith Reynoso. Ms. Reynoso was convicted of kidnapping and conspiracy to kidnap in connection with a drug deal gone bad, a drug deal in which she was not involved. The evidence presented by the government included the testimony of the purported victim, Estelyn Rosario, who was the seller's middleman. May I ask as kind of an initial question, our standard of review here is plain error? That's correct. It was not raised before the district court. The issue one, which is the issue concerning whether the government shifted the burden of proof in its closing, was not objected to. So it's plain error review. And I will go straight to that argument if the court would like. I don't think any of them were raised, right? Yes. Argument two, the argument about the court's response to the jury question. You have three statements that you're saying the prosecutor made during the summation. No objections during the summations. That's correct. That's correct. Let me ask you about the first one, the needs to believe. Yes. And I understand that it may be unwise to use the word need in that formulation, but wasn't it reasonably construed to be attacking your client's testimony and version of events at trial? Why couldn't that be what would be understood by the use of that term in the context of if you were going to believe her testimony, she would need you to believe these other things as well? Why isn't that the way that would be reasonably construed in context? Because I think if you were challenging the defendant's credibility, which the government would be entitled to do in its closing, it could have done that by contrasting her testimony with its evidence. That is what it did in large part. You were challenging the victim's credibility, which found corroboration in both video and various messages. And so the argument is basically any other theory than what that evidence supported would require you to believe something that there was no evidentiary support for. That's the thrust of it. And we do have to consider this in the context of the court giving specific instructions that the defendant having no burden and the prosecution itself acknowledging that in its summation. So how do we put this all together and find plain error? Okay. A couple of things. By phrasing it as the defendant needs you to believe, it is telling the jury the defendant has to convince you of these seven things. If the defendant wants you to believe their version of events. Let me give you a hypothetical. Suppose there's a bank robbery, right? And there's a video of the defendant in the bank, clear video. There's DNA of the gun in the bank on the ground. And the defendant takes a stand and says, I didn't commit that robbery. And the prosecutor stands up in summation and says, to believe the defendant didn't commit this robbery, you would need to also believe that that DNA evidence is incorrect. And you have to believe that that video is doctored. That's a little different. What's different? That would be okay, right? Better than this. Because the defendant. That's a classic. If you're going to believe that, you have to ignore this. You have to ignore that. That's a classic. Yes. But by saying the defendant needs you to believe this or the defendant needs you to believe that, it's telling the jury that in order to acquit the defendant. If you want to believe his story, you also have to believe these other factual premises that are ridiculous. That's what it suggests, right? No, I don't think so. I think it's something much stronger and more offensive than that. Because the truth is that the defendant didn't need the jury to believe anything. The prosecutor, as Judge Ratchett pointed out, said that during the summation. He said the burden rests with us at all times. It never shifts. So you're saying, even though the prosecutor was saying that to the jury, that just a few minutes later, they were somehow confused because of this rhetorical argument about believing your client's version of the event. So they forgot what the prosecutor said a minute earlier, right? Well, a minute earlier. What the judge said, I think they said 17 times. I don't know how many it was, of who has the burden. To be fair, the judge did instruct repeatedly about the government's burden of proof and the presumption of innocence, but not immediately following these remarks and not specifically directed at these remarks. And the government's comment about its burden of proof immediately prior to these comments was somewhat problematic, somewhat may have muddied the waters. Because what the government said was, well, we have the burden of proof, but the defendant didn't have to testify, which is suggesting that maybe we have the burden of proof, but when she testifies... They're saying, we're about to comment on what you testified. That's not what they said. Well, it is correct that once the defendant testifies, one uses all the same tools to assess that credibility as one uses with anybody else. Yes, I agree with that. I think you also have a problem here in that we have held that when counsel does not object to something said in summation, we should be skeptical of arguments that the jury would have drawn certain conclusions from the testimony because it obviously didn't strike counsel who was sitting there as listening to it as an attempt to shift the burden. So here's what I would say about that. It would eviscerate the plain error review. It would eviscerate plain error review if this court were to hold or conclude that, well, it couldn't have been that bad because defense counsel didn't object to it. I'm not suggesting that to you. I'm just saying that as you tell us how this language would have been understood by a jury, we have to bear in mind that it obviously wasn't so clear to counsel. Or perhaps you're telling us we're going to have an ineffectiveness claim down the road, but we have experienced defense counsel. There are any number of reasons why defense counsel might have missed this. He might have been distracted. So the fact that he didn't object means we're stuck with plain error review here, but I don't think it says anything about the underlying merits of the issue. Just one comment about the second argument, the judge's response to the jury question. The government contends that that objection was forfeited or waived, and it says that counsel, this is a quote, conceded, quote from their brief, conceded that defense counsel did not believe it was legally wrong to answer with yes or that answering with yes was not an accurate statement of the law. But really, if you look at the transcript, it's what defense counsel said and in response to the court's question was I interpreted it totally differently because the court said to defense counsel, I know you don't want me to answer the question with the word yes. Let's forget about the waiver issue or the plain error issue. It was a legally correct answer that you can find someone guilty of aiding and abetting under the substantive kidnapping count. That is the correct legal answer, right? The question from the jury was if we believe she aided and abetted, and what we're saying is no, it's not whether you believe it. It's whether you believe it beyond a reasonable doubt. And then the judge, in addition to saying yes, legally, you know, that she can be found guilty of aiding and abetting, then pointed them to the aiding and abetting instruction on page 17 and then read a small portion at the beginning of that instruction that referred to it has to be proven aiding and abetting beyond a reasonable doubt. Actually said those words in addition to saying yes. That's correct. How could there be any confusion on that? Well, you know, the judge says the short answer to your question is yes. That's the part the jury is going to hang on to. Oh, yes. I don't know why we should draw that conclusion when the judge gives them the full, reads the full thing, and that full charge talks about the burden. Why should we assume that? I mean, it's basic in our precedent that we always look at a charge as a whole. And here, why wouldn't we look at the answer as a whole? Because I think it's human nature when someone says the short answer is yes, that's what you're going to take away from that. Do you have precedent to say that? No. No, okay. Thank you. Thank you. All right, thank you. You have two minutes, and we'll hear from the government. Mr. Wolf. Good morning, and may it please the court. My name is Daniel Wolf. I'm an assistant United States attorney in the Southern District of New York. I represent the United States on this appeal, and I represent the United States in the district court. I'm going to start today with a focus on the government's comments in summation, particularly the rhetorical questions that I think defense counsel or appellate counsel spent much of her time speaking about. Those questions were not error at all, let alone plain error, because they were a proper response, as the panel noted, to the defendant's testimony, during which she put forth a theory of the case that was completely at odds with the objective evidence in the record, mainly text messages and videos that the defendant herself had sent and received, as well as the testimony of the victim of the kidnapping. As this court has held, jury addressed comments should not be read in isolation. This was a kidnapping case in which the victim had testified and told one version of events, and that the defendant had testified and told a completely different version of events. I think it's important to note that in the course of this trial, the defendant herself had actually testified the morning of summations. In other words, she had completed her testimony just before lunch. Summations before Judge Cote began immediately after lunch. In redirect, right before the lunch break, the defendant had reiterated her flat denial that there had been any use of force during this kidnapping and had denied the key facts that would make her guilty of the kidnapping. Therefore, the jury had before it the obligation to resolve conflicting testimony between two main individuals, the victim himself and the defendant herself. And as this court has held repeatedly, the jury is fully entitled to assess the credibility of a testifying defendant, and the government is fully entitled and permitted to put forth argument that the defendant has failed to support her own theory of the case and her testimony itself was not credible. Because the government's remarks related to the defendant as a witness, her veracity as well as the defense theory went to reasonable inferences that the jury could draw. Well, Mr. Wolfe, the fundamental argument that I tried to, the hypotheticals you designed to try to make clear, I think what, I think the government obviously can attack the defendant's version of events and the defendant's testimony, including by pointing out what factual premises would also need to be true if you were to credit her testimony. But the main issue is the use of the term, the defendant needs you, as opposed to saying to the jury simply, you members of the jury, if you were going to believe her, you would also have to believe X, Y, and Z. I think if it was framed that way, I mean, she said that's better, but I would suggest that that would be completely unproblematic. Nobody would suggest that a prosecutor can't say, you members of the jury, to credit that testimony, you have to believe X, Y, and Z. This is all about the use of the term, the defendant needs. And even though it would have been reasonably understood that way in the context, can we agree that that's an unwise way of framing that, just to avoid this type of argument from being raised? Ever say the defendant is required, needs, it's just not a great way. There's a lot of ways you can frame that and make all the same arguments without using the word needs.  I would note that during thinking about the unfolding of the summation, and again, focusing on what this court has said about reading summations contextually, the summation had proceeded with a lengthy summary of the witness, of the evidence supporting guilt beyond a reasonable doubt. And then in the last section, turned to the defendant's testimony. And I think in context, I hear the court's comment that the phrasing may have been unwise. In context, I think it certainly would have been clear to the jury that these were comments about the defendant's herself, her version of events. Well, I think the concern here is that what the government cannot do is suggest that if the defendant having taken the stand is not believed, that's the end of the case. You still have your burden to meet. So, of course, you could not have stood up, even with what you did beforehand, and said, okay, the defendant took the stand. It's now her burden to show. You couldn't have said anything that blunt. And so the question is whether by saying the defendant needs you to find whatever or believe whatever, you have effectively done the same thing. I think that's what we're concerned whether the government understands that that's the defendant's argument here. Yes, the government does understand that. I think to the specific question that Your Honor just raised, I think it's also important to note, and this may just be quibbling with wording, but at no point did the government actually state a version, I think, of what Your Honor just said, which is the defendant needs you to believe this in order for her to be acquitted. Certainly if that was the language that was used, I think we'd be having a very different argument. On the context point, I think context is also important when thinking about this from a plain error standard, because obviously in order for this court to provide the relief that the defendant is asking for, the court would have to find that this was some sort of flagrant abuse that affected the fairness of the trial. And as I believe both Judge Raggi and Judge Bianco pointed out, both immediately, both during the government summation, the government itself reminded the jury that the burden at all times rests with the government. Immediately before the government summed up, Judge Cote reminded the jury of the reasonable doubt standard. And, of course, afterwards, immediately after summations, which was the same day, Judge Cote charged the jury and multiple times explained to the jury the proper standard for the burden. In addition, substantial prejudice is lacking given the overwhelming weight of the evidence. As noted, you have here text messages involving the defendant herself in which her and others refer to the victim having been tied up in the apartment. You have the cooperating victim, him having testified as well. And so, in short, this is not, we would submit the rare case where the prosecutor's summation comments. Can I just ask you, you mentioned it in your argument today, but in the brief the third issue was the misstatement of what defense counsel was arguing. I just want to make, the government, I think, conceded in their brief, I just want to confirm that it was misunderstanding what the defense lawyer had not misrepresented what the evidence was, right? That is correct. In hindsight, what the defense lawyer was arguing is that the cooperating victim had never told law enforcement prior to testifying something about having been tied up, rather than having said that the cooperating victim had essentially So it wasn't a contradiction, it was just an omission. That's correct. But I think, regardless, the overall thrust of what the government was saying in rebuttal is that defense counsel would like you to focus on the cooperating victim's prior statements to law enforcement and how they are inconsistent with what he has testified to during this trial. And the thrust of the argument was that his prior statements to law enforcement that may conflict with his trial testimony are not sufficient grounds for you, the jury, to disbelieve or not credit his testimony. I see that my time is up. She just took away your time. Well, I think it's better to say what he deduced. Yes. Unless the court has any other questions, the government would respectfully rest on its written submission, and for all the reasons the government has stated both today and in its written submission, this court should affirm. Thank you. All right. Ms. Schneider, you have two minutes in rebuttal. Well, actually, unless the court has additional questions for me, we will also rest on our brief and our initial argument. Thank you both. Appreciate you coming today. Have a good day. We'll reserve the session.